IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| NIKITA PRICE, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE NO.<br>: 1:15-CV-02698-CAP-GGB |
| PILOT TRAVEL CENTERS LLC, | : |
| Defendant. | : |

## ANSWER TO PLAINTIFF'S COMPLAINT

Comes now Defendant Pilot Travel Centers LLC ("Defendant") by and through its counsel of record and hereby files its Answer and Defenses to Plaintiff's Complaint, and without assuming any burden of proof that would otherwise rest with Plaintiff, states as follows:

## JURISDICTION AND VENUE

1. Defendant admits Plaintiff attempts to bring this action alleging violations of 42 U.S.C. §1981, the Fair Labor Standards Act ("FLSA"), the Family and Medical Leave Act ("FMLA"), the Equal Pay Act ("EPA") and the Americans with Disabilities Act ("ADA"). Defendant further admits that this Court has subject matter jurisdiction over these claims and that Plaintiff has filed an EEOC charge addressing some of her complaints in this case, but denies that Plaintiff has

satisfied the statutory prerequisites for filing this lawsuit. Defendant denies violating any of these statutes, denies Plaintiff is entitled to damages, and denies all remaining allegations in paragraph 1 of the Complaint.

2. Defendant admits venue is proper in this Court. Defendant denies all remaining allegations contained in paragraph 2 of the Complaint.

3. Defendant admits that Plaintiff was eligible for FMLA leave at certain times during her employment. Defendant denies all remaining allegations contained in paragraph 3 of the Complaint.

## PARTIES

4. Upon information and belief, Defendant admits Plaintiff is a citizen and resident of the state of Georgia. Defendant denies all remaining allegations contained in paragraph 4 of the Complaint.

5. Defendant admits it is a travel center with truck stop locations and that it has locations in this district. Furthermore, Defendant admits it has more than 50 employees within a 75 mile radius of the store where Plaintiff worked. Defendant denies all remaining allegations contained in paragraph 5 of the Complaint.

## FACTUAL ALLEGATIONS

6.     Defendant admits that Plaintiff was a Guest Services Manager at the time of her resignation on or about June 4, 2015.  Defendant denies all remaining allegations contained in paragraph 6 of the Complaint.

7.     Defendant admits that Plaintiff began her employment with Defendant as a Cashier in 2006, became a Shift Leader in 2009 and was promoted to Travel Center Manager (later known as Guest Services Manager) in 2011.

8.     Defendant denies the allegations contained in paragraph 8 of the Complaint.

9.     Defendant denies the allegations contained in paragraph 9 of the Complaint.

10.    Defendant denies the allegations contained in paragraph 10 of the Complaint.

11.    Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.    Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant admits that in November 2014, Plaintiff was temporarily transferred to another store until it shut down. Defendant denies all remaining allegations contained in paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in paragraph 17 of the Complaint.

18. Defendant admits that Plaintiff spoke with Mr. Lippert regarding alleged inappropriate comments made by Mr. Wilkins, met with Mr. Lippert, and played for him a recording Plaintiff had made of a conversation between herself and Mr. Wilkins. Mr. Lippert informed Plaintiff he would confer with Human Resources and that the Company would investigate Plaintiff's concerns. Defendant denies all remaining allegations contained in paragraph 18 of the Complaint.

19.     Defendant admits that Brad Morrow contacted Plaintiff and investigated her concerns. Defendant denies all remaining allegations contained in paragraph 19 of the Complaint.

20.     Defendant admits that Plaintiff was asked to work the regular Guest Services Manager shift when she returned to Store 331. Defendant denies all remaining allegations contained in paragraph 20 of the Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of the Complaint.

23.     Defendant admits Plaintiff took FMLA leave from on or about January 15, 2015, to on or about May 6, 2015. Defendant denies all remaining allegations contained in paragraph 23 of the Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of the Complaint.

25.     Defendant denies the allegations contained in paragraph 25 of the Complaint.

26. Defendant admits that Plaintiff submitted a letter of resignation on or about May 13, 2015. Defendant denies all remaining allegations contained in paragraph 26 of the Complaint.

## FAMILY AND MEDICAL LEAVE ACT ELIGIBILITY

27. Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. Defendant admits that Plaintiff was eligible to request FMLA leave in early 2015. Defendant denies all remaining allegations contained in paragraph 28 of the Complaint.

29. Defendant admits that Plaintiff was eligible to request FMLA leave in early 2015. Defendant denies all remaining allegations contained in paragraph 29 of the Complaint.

30. Defendant admits it has more than 50 employees within a 75-mile radius of where Plaintiff worked. Defendant denies all remaining allegations contained in paragraph 30 of the Complaint.

31. Defendant admits that Plaintiff was eligible to request FMLA leave in early 2015. Defendant denies all remaining allegations contained in paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in paragraph 32 of the Complaint.

## CLAIMS FOR RELIEF

## COUNT ONE- SECTION 1981

33. Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 32 of the Complaint as if fully set forth herein.

34. Defendant denies the allegations contained in paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in paragraph 36 of the Complaint.

## COUNT TWO- FLSA

37. Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. Defendant admits Plaintiff was its employee. Defendant denies all remaining allegations contained in paragraph 38 of the Complaint.

39. Defendant admits Plaintiff worked in excess of 40 hours a week during some work weeks. Defendant denies all remaining allegations contained in paragraph 39 of the Complaint.

40. Defendant admits it employed Plaintiff. Defendant denies all remaining allegations contained in paragraph 40 of the Complaint.

41. Defendant admits it is covered by the FLSA. Defendant denies all remaining allegations contained in paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in paragraph 42 of the Complaint.

43. Defendant admits Plaintiff is seeking damages under the FLSA but denies that she is entitled to same. Defendant denies all remaining allegations contained in paragraph 43 of the Complaint.

## COUNT THREE- FMLA

44. Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. Defendant admits Plaintiff was eligible to request FMLA leave in early 2015. Defendant denies all remaining allegations contained in paragraph 45 of the Complaint.

46. Defendant admits it is subject to the FMLA.

47. Defendant denies the allegations contained in paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in paragraph 51 of the Complaint.

## **COUNT FOUR - EQUAL PAY ACT**

52. Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. Defendant denies the allegations contained in paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in paragraph 54 of the Complaint.

55. Defendant denies the allegations contained in paragraph 55 of the Complaint.

55. [Repeated. Incorrectly numbered as a second paragraph 55] Defendant admits that Plaintiff worked under similar working conditions as some male coworkers. Defendant denies all remaining allegations contained in the second paragraph 55 of the Complaint.

56. Defendant denies the allegations contained in paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in paragraph 59 of the Complaint.

## COUNT FIVE - ADA

60. Defendant incorporates by reference its responses to the allegations contained in Paragraphs 1 through 59 of the Complaint as if fully set forth herein

61. Defendant admits that the ADA, as amended, prohibits covered employers from discriminating based on disability. Defendant denies all remaining allegations contained in paragraph 61 of the Complaint.

62. Defendant admits that Plaintiff told her supervisor that she had tumors on her brain. Defendant denies all remaining allegations contained in paragraph 62 of the Complaint.

63. Upon information and belief, Plaintiff was capable of performing the essential functions of the job when she returned from her FMLA leave in May 2015. Defendant denies all remaining allegations contained in paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in paragraph 66 of the Complaint.

67. Defendant denies the allegations contained in paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in paragraph 69 of the Complaint.

70. Defendant denies the allegations contained in paragraph 70 of the Complaint.

71. Defendant denies the allegations contained in paragraph 71 of the Complaint.

72. Defendant denies the allegations contained in paragraph 72 of the Complaint.

73. Except as specifically admitted above, Defendant denies all of Plaintiff's allegations.

## PRAYER FOR RELIEF

Defendant denies the allegations in the Prayer for Relief section following paragraph 72 of the Complaint and denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims fail to the extent that the Complaint does not allege each and every element of each cause of action.

3. Plaintiff's claims are barred to the extent she has not exhausted all administrative remedies, has not received a Notice of Right to Sue, and to the extent her claims are outside of the parameters of a properly filed charge.

4. The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of payment because Plaintiff was properly compensated for all time worked in accordance with the FLSA.

5. Plaintiff's claims are barred or limited, in whole or in part, by the applicable statutes of limitation.

6. Plaintiff's claims may be barred in whole or in part by the doctrine of after-acquired evidence.

7. Plaintiff's claims may be barred in whole or in part by the doctrines of laches, unclean hands, estoppel, and waiver.

8. Without admitting liability for any acts or omissions alleged, any acts or omissions complained of were undertaken or made in good faith, and/or in conformity with, and in reliance on, written administrative regulations, orders, ruling, or interpretations of the Administrator of the Wage and Hour Division of the Department of Labor.

9. Any improper actions towards Plaintiff, which are denied, were not willful or knowing.

10. Plaintiff was properly considered as exempt at various times during her employment.

11.     Defendant cannot be held liable for any alleged wage disparity because any such disparity was the result of: (a) a seniority system; (b) a merit system; (c) a system that measures earnings by quantity or quality of production; or (d) any factor other than sex.

12.     Plaintiff is barred from recovering damages to the extent she failed to mitigate her damages, if any.

13.     Any award of punitive damages to Plaintiff would violate the constitutional safeguards provided to Defendant under the Constitution of United States and the Constitution of the State of Georgia.

14.     Plaintiff is barred from pursuing punitive damages because Defendant did not engage in any acts or omissions with malice or reckless indifference to Plaintiff's rights.

15.     Plaintiff is not entitled to liquidated damages under 29 U.S.C. § 260 because, at all times relevant to this action, Defendant acted in good faith and had reasonable grounds for believing it did not violate the provisions of the FLSA.

16.     Defendant reserves the right to assert additional defenses as may be appropriate based on continuing investigation and discovery.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice; that the relief prayed for therein be denied; and that Defendant

recover of and from Plaintiff, its reasonable costs, including attorneys' fees, expended on its behalf in defense of this action.

Respectfully submitted this 27th day of August, 2015.

<u>s/Deepa N. Subramanian</u>
Gregory J. Hare
Georgia Bar No. 326020
greg.hare@ogletreedeakins.com
Deepa N. Subramanian
Georgia Bar No. 278625
deepa.subramanian@ogletreedeakins.com

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
One Ninety One Peachtree Tower
191 Peachtree St. NE, Suite 4800
Atlanta, GA  30303
Telephone:  404.881.1300
Fax:  404.870.1732

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **NIKITA PRICE,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE NO.** |
| v. : | **1:15-CV-02698-CAP-GGB** |
| : | |
| **PILOT TRAVEL CENTERS LLC,** : | |
| : | |
| **Defendant.** : | |
| _____: | |

**CERTIFICATE OF SERVICE**

I certify that on August 27, 2015, I electronically filed **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record, and have also hand delivered a copy of same to the following:

Tremain C. Mattress
Regina Sledge Molden
The Molden Law Firm
Peachtree Center – Harris Tower
Suite 1245
233 Peachtree Street N.E.
Atlanta, Georgia  30303

s/Deepa N. Subramanian
Deepa N. Subramanian
Georgia Bar No. 278625